UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

PHILLIP HARRELL and WIGENS SERVIUS,

                                         Plaintiffs,

                      -against-

THE CITY OF NEW YORK; P.O. DAVID MERCADO,
TAX # 952007; P.O. RYAN GAYNOR, SHIELD # 5779; LT.
PETER SOTIRIOU, TAX # 924515; and P.O. JOHN DOES #
1-5, the individual defendant(s) sued individually and in their
official capacities,

                                       Defendants.

------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

15-CV-454-BMC

ECF Case

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiffs Phillip Harrell and Wigens

Servius seek relief for the violation of plaintiffs' rights secured by 42 U.S.C. § 1983; and the

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and the laws of the

State of New York.  Plaintiffs' claims arise from an incident that arose on or about November 1,

2013.  During the incident, the City of New York, and members of the New York City Police

Department ("NYPD") subjected plaintiffs to, among other things: false arrest; assault; battery;

unreasonable force; failure to intervene; and respondeat superior liability.  Plaintiffs seek

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees,

pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiffs' notices of claim regarding the incident were duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiffs' claims.   Moreover, this action has been filed within one year and 90 days of the incident.  Plaintiffs have satisfied all conditions precedent for the filing of this action.

4.      Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.      Plaintiff Phillip Harrell is a resident of the State of Florida, Hillsborough County.

6.      Plaintiff Wigens Servius is a resident of the State of New York, Kings County.

7.      At all times herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8.      At all times alleged herein, defendants Police Officer David Mercado, Tax # 952007, Police Officer Ryan Gaynor, Shield # 5779, Lieutenant Peter Sotiriou, Tax # 924515, and Police Officer John Does # 1-5 were New York City Police Officers employed with the 77th Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

9.      The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

**The Incident**

10.      On November 1, 2013 at and in the vicinity of St. John Place and Nostrand Avenue, Brooklyn, New York, and the 77th Precinct, several police officers operating from the 73rd Precinct, including upon information and belief, defendants P.O. Mercado, P.O. Gaynor, Lt. Sotiriou, and P.O. John Does # 1-5, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiffs.

11.      On November 1, 2013, at approximately 1:00 a.m., at and in the vicinity of St. John Place and Nostrand Avenue, Brooklyn, New York, defendants P.O. Mercado, P.O. Gaynor, Lt. Sotiriou, and P.O. John Does # 1-5, without either consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully arrested plaintiffs.

12.      Plaintiffs came to the location from a funeral and were attending a nearby repast.

13.      Servius was outside with Harrell's brother talking.

14.      The police approached Servius and Harrell's brother.

3

15.    The police made Servius and Harrell's brother produce their identification.

16.    The police searched a parked car.

17.    The police searched Servius and Harrell's brother.

18.    The police harassed and questioned Servius.

19.    Harrell's brother and others filmed the incident with the police.

20.    Servius, Harrell's brother, and others protested the police harassment and explained that they had come from a funeral.

21.    In response, the police were rude and mocking and falsely claimed that Servius possessed marijuana, stating among other things: "You guys are retarded", "That's how stupid you are", "How do you mourn, by smoking weed?" and "Is that what's common around here?"

22.    Servius tried to explain he was not lying to the police and pointed out that they had no contraband.

23.    The police had Servius stand away from the parked car with Harrell's brother.

24.    Harrell came from around a corner and saw what the police were doing and asked what was happening.

25.    One police officer said to Harrell, "What did you say?" and rushed at Harrell and began pushing, hitting and punching him.

26.    The police tried to block people from filming the assault.

27.    The officer punched and pushed Harrell several times causing him to fall on the ground.

28.    The officer grabbed and handcuffed Harrell.

4

29.     The police handcuffed Servius and placed him in a police vehicle.

30.     The police placed Harrell in a police vehicle.

31.     The police drove the plaintiffs to the 77th Precinct for arrest processing.

32.     After several hours in custody, the police released Harrell with a desk appearance ticket.

33.     Servius remained at the 77th Precinct before being removed to Brooklyn Central Booking for arraignment.

34.     In order to cover up their illegal actions, the police, pursuant to a conspiracy, initiated by a false sworn complaint and desk appearance, falsely and maliciously told the Kings County District Attorney's Office that plaintiffs had committed various crimes.

35.     At arraignment, the charges against Servius were dismissed in adjournment of contemplation of dismissal with immediate sealing.

36.     The charges against Harrell were dismissed without him having to appear for arraignment and his case was also sealed.

**General Allegations**

37.     The individual defendants acted in concert in committing the above-described illegal acts against plaintiffs.

38.     Plaintiffs did not resist arrest at any time during the above-described incidents.

39.     Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

5

40.     The individual defendants did not observe plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

41.     The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

42.     As a direct and proximate result of defendants' actions, plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and financial loss.

43.     Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

44.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

45.     Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

46.     Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

6

**SECOND CLAIM**

**(FALSE ARREST UNDER STATE LAW)**

47.      Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

48.      Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

49.      Accordingly, defendants are liable to plaintiffs for false arrest under New York State law.

**THIRD CLAIM**

**(UNREASONABLE FORCE)**

50.      Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

51.      The individual defendants' use of force upon plaintiffs was objectively unreasonable.

52.      The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs, since plaintiffs were unarmed, compliant, did not threaten the police or others, and did not resist arrest.

53.      Those defendants who did not touch plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

54.      Accordingly, the defendants are liable to plaintiffs for using unreasonable force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (ASSAULT)

55.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

56.     Among other things as described above, defendants' battery, false arrest, and unreasonable use of force against plaintiffs placed them in fear of imminent harmful and offensive physical contacts.

57.     Accordingly, defendants are liable to plaintiffs under New York State law for assault.

## FIFTH CLAIM

### (BATTERY)

58.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

59.     Among other things as described above, defendants' false arrest and unreasonable use of force against plaintiffs were illegal physical contacts.

60.     Accordingly, defendants are liable to plaintiffs under New York State law for battery.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

61.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

62.     Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

8

63.     Accordingly, the defendants are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## SEVENTH CLAIM

**(RESPONDEAT SUPERIOR)**

64.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

65.     The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

66.     The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     Brooklyn, New York
           April 27, 2015

MICHAEL HUESTON, ESQ.
*Attorney for Plaintiffs*
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com
By:

_____
MICHAEL HUESTON